479 P.2d 532

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert Joe SAMORA, Defendant-Appellant.**

No. 524.

Court of Appeals of New Mexico.

Dec. 31, 1970.

Larry L. Lamb, Lamb & Metzgar, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Leila Andrews, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SPIESS, Chief Judge.

The defendant, tried and convicted before a jury of the crime of burglary contrary to § 40A–16–3, N.M.S.A.1953 (1963 Supp.), urges upon appeal a single question which relates to the denial of effective assistance of appointed counsel. It is contended, in substance, that counsel's representation was so inadequate so as to deprive defendant of due process of law and to his right to counsel under the Sixth Amendment.

The claim of ineffectiveness concerns counsel's failure " * * * to request an instruction to the effect that intoxication would relieve the defendant of criminal responsibility if he were unable to form the criminal intent required for the commission of the crime of burglary."

A further claim of ineffectiveness relates to the failure of counsel to object to the following instruction.

"You are instructed that voluntary drunkenness is no excuse or justification for crime, and in this case, notwithstanding you may believe from the evidence that at the time of the commission of the acts charged against him, the defendant was intoxicated, you are instructed that this will not constitute any defense for him and you will not acquit him on that ground."

Evidence was offered at the time of trial from which it could be found that defendant was so intoxicated that he could not form an intent to commit burglary. The failure of counsel to proceed, as defendant now asserts he should have proceeded in connection with the instructions, may have been no more than bad strategy on the part of counsel. See State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967).

We are unable to determine from this record, as a matter of law, that defendant's representation was so inadequate as to deprive him of his constitutional right

to the effective assistance of counsel. Accordingly, upon the record presented, the judgment should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.