This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                            **No. 34,491**

**DANIEL MENDOZA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}      Defendant appeals from the district court's judgment, sentence, and commitment entered following a jury trial, convicting him of one count of criminal sexual penetration of a minor in the first degree (child under 13), two counts of criminal sexual contact of a minor in the third degree (child under 13), one count of bribery of a witness (threats or bribes - reporting), and two counts of child abuse (intentionally caused, no death or great bodily harm). This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}      Defendant presents two issues on appeal: (1) whether the district court erred in denying his motion for mistrial based on other bad acts testimony elicited by the State, and (2) whether the evidence was sufficient to support the guilty verdicts. [ADS 8-9; MIO 1]

{3}      As a prefatory matter, we note that this Court issued an order rejecting Defendant's initial docketing statement for failure to provide us with "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented" as required by Rule 12-208(D)(3) NMRA. In our order rejecting the docketing statement, we reminded defense counsel that this Court operates pursuant to a presumption of correctness in favor of the trial court's rulings and that failure to

provide this Court with sufficient facts may result in affirmance of the decision below. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error); *see also State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (providing that the defendant's failure to provide the court with a summary of all the facts material to consideration of the issue on appeal necessitated a denial of relief). In response, Defendant filed an amended docketing statement and we subsequently issued a calendar notice proposing summary affirmance.

{4}     With respect to Defendant's first issue—that the district court abused its discretion in denying his motion for mistrial based on other bad acts testimony elicited by the State—we noted in our notice of proposed disposition that the amended docketing statement contended only that the witness "began to respond" that Defendant was involved in the victim's mother's death. [CN 3] We further observed that without further information about what the witness was asked by the prosecutor and what she actually said in response, it appeared that the critical question was left unanswered—that is, we could not determine from the information before this Court whether any prior bad act evidence was in fact admitted or otherwise put before the jury. [CN3] Consequently, relying on our presumption of correctness and on

Defendant's failure to provide sufficient facts on appeal, we proposed to affirm the district court's denial of Defendant's motion for a mistrial. [CN 4]

{5}     With respect to Defendant's second issue—whether the evidence was sufficient to support the guilty verdicts—we noted in our notice of proposed disposition that Defendant stated only that the victim testified at trial and that "she was able to readily answer questions regarding the alleged abuses and was comfortable discussing explicit details and relevant terminology." [CN 5] We further observed that Defendant provided much more detail in his amended docketing statement with regard to what would appear to be contrary testimony by the Sexual Assault Nurse Examiner and by Defendant himself. [CN 5] However, as we explained in our calendar notice, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." [CN 5 (citing *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829)] Again, relying on our presumption of correctness and on Defendant's failure to provide sufficient facts on appeal, we suggested that Defendant had not met his burden on appeal. [CN 5] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

4

{6} Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, apparently in agreement that the amended docketing statement provides insufficient facts, appellate defense counsel requests that this case be placed on the general calendar "so that the facts and circumstances can be properly developed and evaluated." [MIO 3] Defendant argues that this case is inappropriate for disposition on the summary calendar "where only the [r]ecord [p]roper is available for the Court of Appeals to review and determine if error occurred" and that transcripts of the hearings and trial are necessary to the resolution of this case. [MIO 3] We disagree. "It has never been held that a complete verbatim transcript of proceedings is necessary to afford adequate appellate review." *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353. In cases assigned to the summary calendar, the docketing statement serves as "an adequate alternative to a complete transcript of proceedings," unless the assertions of the docketing statement are contradicted by the record. *Id.*

{7} Under Rule 12-208, it is trial counsel's responsibility to provide this Court with a full picture of the facts. Rule 12-208 sets forth the information that must be included

in the docketing statement, including "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented." Rule 12–208(D)(3). As noted throughout this opinion, trial counsel substantially failed to comply with the Rules of Appellate Procedure, both in the initial docketing statement and in the amended docketing statement. We further observe, however, that there is no mention in Defendant's memorandum in opposition regarding efforts on the part of appellate defense counsel to acquire the necessary information—from trial counsel, the district court, or otherwise—in light of the factual gaps identified in this Court's calendar notice. [*See generally* MIO 1-3] Instead, Defendant simply asks for assignment of this case to the general calendar in order to acquire facts that should have been presented to this Court in his docketing statement, amended docketing statement, or memorandum in opposition. We decline to do so.

{8}     Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**

7