This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FRANK J. VIGIL,**

Plaintiff-Appellee,

v.                                                            NO. 35,941

**REISHA WHITCHURCH,**
**FELICIA WHITCHURCH, and**
**JOSEPH NARVAIZ,**

Defendant-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Frank J. Vigil
Santa Fe, NM

Pro Se Appellee

Reisha Whitchurch
Felicia Whitchurch
Joseph Narvaiz
Santa Fe, NM

Pro Se Appellants

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendants, self-represented litigants, appeal from the district court's judgment entered in favor of Plaintiff for amounts due under a residential lease agreement. Unpersuaded that Defendants demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendants have responded with a memorandum in opposition to our notice. After due consideration, we remain unpersuaded that Defendants demonstrated error. We affirm.

{2}     On appeal, Defendants listed three issues, but did not supply this Court with a summary of the facts material to the issues they raised. *See* Rule 12-208(D)(3), (4) NMRA. Although we are not obligated to comb the record or speculate about what their arguments might be, we note that the record did not provide us with the necessary information to understand and rule on Defendants' issues. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."); *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (observing that the docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar). We addressed Defendants' arguments to the best of our ability, explained what information was missing, and warned

Defendants that the failure to comply with our notice and our rules would result in affirmance.

{3}   Defendants' memorandum in opposition to our notice pursues two issues. [MIO 1-2] The first issue argues that the district court erred by enforcing a judgment in the amount of $4,170 on Defendants Reisha Whitchurch and Joseph Narvaiz, because that amount was caused by Felicia Whitchurch's repeated breaches of the rental lease agreement. [MIO 1] This issue was not specifically raised in the docketing statement, but may be related to the second issue listed in Defendants docketing statement. Regardless, Defendants again fail to provide this Court with all the information necessary for appellate review. In an effort to address the merits of Defendants' contention, however, we observe that it indicates a belief that Felicia Whitchurch, the third tenant on the lease, should be held separately liable for the nonpayment of rent. In the absence of an agreement with Plaintiff to that effect or any authority that would support such a view, generally, cotenants to a lease agreement are jointly liable for rent payments. As our Supreme Court has stated, "[i]n the law of contracts, joint and several liability usually arises when two or more promisors in the same contract promise the same or different performances to the same promisee." *Economy Rentals, Inc. v. Garcia*, 1991-NMSC-092, ¶ 44, 112 N.M. 748, 819 P.2d 1306. Based on the foregoing, we hold that Defendants have not demonstrated error in the judgment

against them for nonpayment of rent.

{4}    The other issue pursued in response to our notice relates to the imposition of attorney fees. [MIO 2] Defendants seem to argue that $1,000 in attorney fees are not owed because Plaintiff's attorney did not enter an appearance in the magistrate court proceedings, but instead, Plaintiff's counsel sat behind Plaintiff. [MIO 2] Defendants also argue that "$2,500 [a]ttorney fees awarded in the trial court is miscalculated[.] "Motion For Withdrawal of Counsel" was filed in trial court and granted. Therefore [D]efendants preserve the following Issue II with the following burdens of proof to support Issue II." [MIO 2] This is not a clear and developed argument and contains no information about the arguments and evidence presented by Plaintiff or Defendants or the grounds for the district court's ruling on these fees. Thus, Defendants have not provided us with sufficient information to demonstrate error. With such omissions, we must presume that Plaintiff established that his attorney performed work that correspond to the attorney fees award outside of the instances vaguely described above. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211; *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483.

{5}    For the reasons stated in this opinion and in our notice, we affirm the district court.

{6}    **IT IS SO ORDERED.**

                                       _____

                                       **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN Judge**