This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOHNNY M. TRUJILLO,**

Plaintiff-Appellant,

**v.**                                                                 **No. A-1-CA-36373**

**AMERICAN FEDERATION OF**
**STATE, COUNTY AND MUNICIPAL**
**EMPLOYEES 3973,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

The Gilpin Law Firm LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
James A. Montalbano
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Plaintiff appeals from the district court's order granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint. Unpersuaded that Plaintiff demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition, and Defendant has responded with a memorandum in support. We have considered these responses and remain unpersuaded that Plaintiff has demonstrated error. We do not grant the parties' request that we address the timeliness of Plaintiff's complaint in the district court because we have determined that Plaintiff's case for breach of duty of fair representation lacks merit and any decision we might reach on the timeliness of his complaint would not afford Plaintiff relief. *Cf. Roark v. Farmers Group, Inc.*, 2007-NMCA-074, ¶¶ 41-47, 142 N.M. 59, 162 P.3d 896 (considering the merits of the appeal notwithstanding the seeming lack of jurisdiction and usual rules of finality based on interests in judicial efficiency and "the smooth functioning of our judicial system" (emphasis, internal quotation marks, and citation omitted)); *see Gonzales v. Surgidev Corp.*, 1995-NMSC-047, ¶ 14, 120 N.M. 151, 899 P.2d 594 ("Courts have supervisory control over their dockets and inherent power to manage their own affairs

so as to achieve the orderly and expeditious disposition of cases." (alteration, internal quotation marks, and citation omitted)).

**{2}** Turning to the merits of the case, Plaintiff challenges the district court's grant of summary judgment, contending that the district court erroneously rejected his claims that Defendant breached its duty of fair representation before, during, and after the State Personnel Board hearing. [DS 2; MIO 3-10] Specifically, Plaintiff argues that he presented sufficient evidence to preclude summary judgment that Defendant breached the duty by failing to properly prepare for the hearing, to call some of the witnesses Plaintiff requested, and by failing to inform Plaintiff when dispositive decisions were made in his case and when he needed to appeal. [MIO 3-10]

**{3}** Our notice set forth the high standard for establishing a breach of the duty of fair representation. "[T]he common-law cause of action for breach of the [duty of fair representation is limited] to arbitrary, fraudulent or bad faith conduct on the part of the union; allegations of mere negligence by the union do not state a viable claim for relief." *Akins v. United Steel Workers of Am.*, 2010-NMSC-031, ¶ 11, 148 N.M. 442, 237 P.3d 744. We explained in our notice that we were looking for proof that he had a meritorious case and that Defendant intentionally undermined it arbitrarily or by "deliberate and severely hostile and irrational treatment." *Adams v. United Steelworkers of Am.*, 1982-NMSC-014, ¶ 23, 97 N.M. 369, 640 P.2d 475 (internal

3

quotation marks and citation omitted). We proposed to hold that Plaintiff did not demonstrate error in the district court's conclusion that there was no genuine issue of material fact that would establish a breach, because Plaintiff did not provide us with information about the grievance he wanted Defendant to pursue more diligently on his behalf, and because Plaintiff's allegations about Defendant's failures did not rise to the level of "deliberate and severely hostile and irrational treatment." *Id.* (internal quotation marks and citation omitted).

{4}     In response to our notice, Plaintiff argues that he does not need to show that he had a meritorious grievance to prove Defendant failed to diligently pursue and assist Plaintiff in the pursuit of that grievance. [MIO 3] The language in *Adams*, adopted from the United States Supreme Court and upon which our notice referred, implies that a meritorious grievance is presumed to be a first step toward establishing a breach of the duty of fair representation. *Adams* stated, "the individual employee has no absolute right to have his grievance arbitrated . . . and that a breach of the duty of fair representation is not established merely by proof that the underlying grievance was meritorious[.]" *Id.* ¶ 22 (internal quotation marks and citation omitted).

{5}     Even if proof of a meritorious grievance, however, is not a strict requirement to establish a breach, it is highly relevant to our determination of whether Defendant's actions relative to the grievance were, at the least, arbitrary. Logic informs us that

4

where a union has a sound belief that a grievance lacks merit, for example, then the qualified right to have that grievance litigated would be far less compelling, and it would be very difficult to establish that it acted arbitrarily. On the other side of the spectrum, where the union has an incorrect or unreasonable belief that a grievance is non-meritorious, then the right to have it litigated would be more compelling and proof of arbitrariness or bad faith could be less exacting. *Cf. Callahan v. N.M. Fed'n of Teachers-TVI*, 2010-NMCA-004, ¶¶ 2-3, 27-30, 147 N.M. 453, 224 P.3d 1258 (holding that where the union successfully proved the arbitrability of the termination of several teachers and then entered a settlement agreement without even knowing the reasons for termination and without notifying or getting the approval of the teachers, summary judgment on the teachers' claim of breach of the duty of fair representation in favor of the union was inappropriate).

{6}     Here, despite warnings from this Court that Plaintiff could not establish error by his nondisclosure of information regarding his termination and grievance, Plaintiff has continued to refuse to supply us with any of this crucial information. Thus, he does not even attempt to demonstrate a meritorious grievance. As we stated in our notice, we rely on the parties' filings on the summary calendar as a fair substitute for the full record. *See* Rule 12-208(D)(3) NMRA (requiring that the docketing statement contain all the facts material to an issue raised on appeal); *State v. Talley*, 1985-

NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (observing that the docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar). Where the appellant omits information, especially crucial information, we may presume sufficient facts exist that favor the result reached by the district court and may even refuse to review the argument raised without sufficient facts. *See Michaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176 ("Where the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence."); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [the] issue, as required by [Rule 12-208], we cannot grant relief on [that] ground").

**{7}**     The record shows it was undisputed that Defendant did not believe Plaintiff's grievance had merit. [RP 199] Under the circumstances, we presume Defendant's belief was sound and supported by the record. *Michaluk*, 1987-NMCA-044, ¶ 25. Thus, we are not persuaded that Plaintiff has established that Defendant acted arbitrarily when it did not engage in further preparation, call all the witnesses Plaintiff wanted, or assist Plaintiff in pursuing his appeal, where Defendant litigated a

grievance that it reasonably believed lacked merit. In addition, as set forth in more detail in our notice, we are not persuaded that any of Plaintiff's allegations create a dispute of material facts that could rise to the level of "deliberate and severely hostile and irrational treatment." *Adams*, 1982-NMSC-014, ¶ 22 (internal quotation marks and citation omitted); *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 ("Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." (internal quotation marks and citation omitted)).

{8}    For the reasons set forth in our notice and in this opinion, we affirm the district court's order granting summary judgment in favor of Defendant.

{9}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**M. MONICA ZAMORA, Judge**