This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40712**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**LOUIS E. CURRY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**Jarod K. Hofacket, District Court Judge**

Raúl Torres, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**    Defendant appeals a judgment and sentence entered following a jury trial, raising three issues in his docketing statement. [DS 6-7] This Court issued a notice of proposed summary disposition in which we proposed that the evidence offered at trial was sufficient to support his convictions involving both possession of a firearm and shooting at a dwelling and also that the docketing statement did not establish a prima facie case of ineffective assistance of counsel. [CN 4, 6] Defendant has filed a responsive memorandum continuing to challenge the sufficiency of the evidence and asserting that

the trial record establishes a prima facie showing of ineffectiveness. [MIO 4, 10] Having duly considered that memorandum, we remain unpersuaded that the district court committed error below by denying a motion for a directed verdict or that this is one of the rare cases in which the record contains all of the facts necessary to assess the effectiveness of trial counsel on direct appeal. We also continue to conclude that to the extent Defendant believes he could develop that latter issue if given the opportunity to establish relevant facts, habeas proceedings pursuant to Rule 5-802 NMRA provide the appropriate avenue for doing so.

{2}     With regard to the sufficiency of the evidence, Defendant's memorandum acknowledges that the testimony of a single witness can be sufficient evidence to support a conviction, but points out that Defendant was acquitted of an aggravated battery charge. [MIO 11-12] At trial a witness testified that Defendant fired a handgun at his house from the street, that the witness was struck in the hip by a bullet, and that another person, also firing a gun, may have been with Defendant. [DS 4] Based upon his acquittal of aggravated battery, Defendant suggests that the jury may not have been persuaded that he fired a gun. [Id.] Of course, the evidence offered also supported findings that Defendant did fire a gun, but the State did not establish, beyond a reasonable doubt, that Defendant, and not his companion, fired the shot that struck the witness.

{3}     In any event, this Court's review is limited to the question of whether the decision below was "supported by substantial evidence, not whether the [trial] court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Thus, on appeal, "[a]n appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. As a result, when the evidence supports more than one reasonable finding, "one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393.

{4}     It is also well-established that appellate courts do not entertain challenges based upon allegedly inconsistent verdicts. *See State v. Roper*, 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d 133 (noting that it is the role of this Court to review convictions, not acquittals, "and thus we do not entertain contentions alleging that the verdicts are irreconcilable"); *State v. Fernandez*, 1994-NMCA-056, ¶ 39, 117 N.M. 673, 875 P.2d 1104 (noting in similar circumstances "we review the verdict of conviction, not the verdict of acquittal"). We, therefore, conclude that a jury could rationally determine that Defendant committed the offenses of which he was convicted.

{5}     With regard to assistance of counsel, Defendant's docketing statement asserted ineffectiveness in counsel's failure seek severance of the firearm possession charge, since the simultaneous trial of all of the charges resulted in the jury being informed, while considering all of the offenses, that Defendant has previously been convicted of a

felony. [DS 7] Our notice of proposed disposition noted that Defendant is raising this issue for the first time on appeal, meaning that facts surrounding counsel's performance do not appear in the record. [CN 4] *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (noting that an appellate record providing "a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare"). Under such circumstances, the question on direct appeal becomes whether Defendant can establish a prima facie case of ineffectiveness based upon the existing trial record. *Id.* Our notice proposed that counsel's performance in this case would be more appropriately addressed in habeas corpus proceedings. [CN 6]

{6}     Defendant's memorandum now develops the question of whether the current record supports a prima facie case of ineffectiveness. [MIO 4-10] That memorandum correctly points out that our proposed reliance on *State v. Gonzales*, 1992-NMSC-003, 113 N.M. 221, 824 P.2d 1023, appears to be misplaced. [MIO 9] Our notice cited *Gonzales* for the proposition that Defendant's prima facie showing in this case would require him to establish that, "had his counsel moved for severance, the motion would have been granted." *Id.* ¶ 33. Our Supreme Court, however, has since recognized "the increased risk of prejudice when one of the charges involves a felon in possession charge" and now requires severance or bifurcation in circumstances where "prior felony evidence is not cross-admissible." *State v. Garcia*, 2011-NMSC-003, ¶ 22, 149 N.M. 185, 246 P.3d 1057. Given these developments, it appears likely that the success of a motion to sever could be presumed as a matter of law.

{7}     Our notice also suggested that Defendant would need to establish that counsel's decision regarding severance was not the product of reasonable trial strategy. [CN 5] Because Defendant's docketing statement, which was drafted by trial counsel, included an assertion that Defendant was prejudiced by ineffective assistance, the memorandum now urges us to treat that assertion as an admission that counsel "should have, but failed, to move to sever the counts." [MIO 7] In doing so, Defendant argues that the docketing statement affirms "that this failure was not reasonable or a product of strategy." [MIO 6] We are not persuaded, however, that it would be appropriate to treat contentions advanced in a docketing statement as admissions of counsel.

{8}     Our appellate rules require trial counsel to draft and file a docketing statement with this Court that presents the issues on appeal. Rule 12-208(D)(4) NMRA. Because a criminal defendant has an absolute right to appeal, appointed counsel's responsibility, even "in a case where he [or she] believes the appeal is frivolous, is nonetheless to prepare a docketing statement of sufficient completeness to afford adequate appellate review." *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353. Thus, appointed counsel has an obligation to ethically advance a client's appellate contentions, regardless of counsel's view of the merits of such contentions. *Id.*; *see State v. Boyer*, 1985-NMCA-029, ¶ 20, 103 N.M. 655, 712 P.2d 1 (describing the relevant process). Mindful that our rules and precedents place this responsibility on trial counsel, we are not persuaded that the mere assertion of an ineffective assistance claim in a docketing statement can reasonably be read as an admission by trial counsel that trial counsel's own "conduct fell below that of a reasonably competent attorney," as

required to establish ineffectiveness. *Baca*, 1997-NMSC-059, ¶ 24; *see also Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 (noting that "assertions and arguments of counsel are not evidence").

**{9}** Given the absence of any evidence involving trial counsel's decision regarding severance—the sort of evidence upon which a finding regarding competence might be based—we conclude that the current record does not support a prima facie case of ineffective assistance of counsel. As we have explained in strikingly similar circumstances:

> Based on the record before us, we are unable to determine whether the absence of a motion to sever [the d]efendant's charge of felon in possession of a firearm from his remaining charges represents a potentially serious failure on the part of trial counsel or sound trial tactic or strategy, which may demand a full-bodied inquiry at an evidentiary hearing on habeas corpus. We are therefore unable to conclude that [the d]efendant has demonstrated a prima facie case for ineffective assistance of counsel as to the question of severance. We note, of course, that [the d]efendant may choose to pursue this particular claim in a habeas corpus petition, at which time a hearing may be held to consider evidence concerning trial counsel's performance and any resulting prejudice.

*State v. Reed*, 2022-NMCA-025, ¶ 31, 510 P.3d 1261 (citations omitted) (text only).

**{10}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment and sentence of the district court without prejudice to Defendant's ability to seek relief by way of a post-conviction habeas corpus proceeding.

**{11} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**