This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: November 12, 2024**

**No. S-1-SC-39865**

**STATE OF NEW MEXICO, and
JAMES FRAWNER, Warden**

Respondents-Appellants,

v.

**MIGUEL ORTIZ,**

Petitioner-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Bruce C. Fox, District Judge**

Raúl Torrez, Attorney General
Lee Green, Assistant Solicitor General
Santa Fe, NM

for Appellants

Sitterly Law Firm, LLC
Nick Sitterly
Albuquerque, NM

for Appellee

### DISPOSITIONAL ORDER OF AFFIRMANCE

**PER CURIAM.**

**{1}** This matter came before this Court pursuant to Rule 12-102(A)(3) NMRA. Having read the briefs of the parties and heard oral argument, and otherwise being fully informed on the issues and the law, we conclude there is no reasonable likelihood that a written decision or opinion would affect the disposition of this appeal or advance the law of the state. We therefore exercise our discretion to dispose of this case by

nonprecedential order. *See* Rule 12-405(B)(1)-(2) NMRA (allowing this Court to dispose of a case by nonprecedential order when prior precedent and substantial evidence resolve the issue presented).

**{2}**     Over ten years ago, Petitioner Miguel Ortiz entered a no contest plea to two counts of criminal sexual contact of a minor in the third degree and was sentenced to imprisonment for twelve (12) years.

**{3}**     Finding that Petitioner was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, the district court granted his Petition for Writ of Habeas Corpus, set aside his plea of no contest, and vacated his conviction and sentence.

**{4}**     The State of New Mexico appealed the district's court grant of Petitioner's habeas corpus petition pursuant to Rule 5-802(N)(1) NMRA.

**IT IS THEREFORE ADJUDGED THAT:**

**{5}**     When we assess the propriety of a lower court's grant or denial of a petition for writ of habeas corpus based on ineffective assistance of counsel, we determine whether the district court's findings of fact are supported by substantial evidence. *Duncan v. Kerby*, 1993-NMSC-011, ¶ 7, 115 N.M. 344, 851 P.2d 466. Substantial evidence is that which is acceptable to reasonable minds as adequate support for the conclusion. *State v. Arrendondo*, 2012-NMSC-013, ¶ 10, 278 P.3d 517. We review de novo questions of law or mixed questions of fact and law. *Duncan*, 1993-NMSC-011, ¶ 7.

**{6}**     To prevail on a Sixth Amendment ineffective assistance of counsel claim, Petitioner must demonstrate that "defense counsel's performance fell below the standard of a reasonably competent attorney and, due to deficient performance, the defense was prejudiced." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 17, 130 N.M. 179, 21 P.3d 1032 (internal quotation marks and citation omitted), *overruled on other grounds*, *State v. Martinez*, 2021-NMSC-002, ¶ 72, 478 P.3d 880.

**{7}**     The district court held an evidentiary hearing on Petitioner's habeas petition and issued an order with findings of fact and conclusions of law detailing trial counsel's failure to conduct any meaningful investigation and failure to collect all discovery. The district court also found that trial counsel failed to disclose to Petitioner a more favorable plea that would have resulted in probation with no prison time, and that trial counsel told Petitioner he had met with the judge on Petitioner's behalf when he had not done so.

**{8}**     The district court's findings on trial counsel's failure to investigate, failure to inform Petitioner that the State had offered a better plea, and false statement to Petitioner that trial counsel met with the trial judge were supported by evidence beyond Petitioner's own testimony. That evidence included email correspondence between trial counsel and the district attorney and trial counsel's sworn testimony at the evidentiary hearing. There is no significant dispute about these facts. We conclude that the district

court's factual findings were supported by substantial evidence, and we presume they are correct. *See Duncan*, 1993-NMSC-011, ¶ 10.

**{9}** Trial counsel's performance is deficient if it falls below an objective standard of reasonableness. *Patterson*, 2001-NMSC-013, ¶¶ 17, 28. "Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." Rule 16-101 NMRA. Here, trial counsel's failure to conduct any meaningful investigation into the charges against Petitioner fell below that of a reasonably competent attorney. *See State v. Barnett*, 1998-NMCA-105, ¶ 30, 125 N.M. 739, 965 P.2d 323 ("Failure to make adequate pretrial investigation and preparation may . . . be grounds for finding ineffective assistance of counsel." (internal quotation marks and citation omitted)). There was no proffered or plausible strategy that could have supported this failure to investigate, and we reject the State's efforts to characterize these deficiencies as reasonable litigation tactics. *Duncan*, 1993-NMSC-011, ¶ 11.

**{10}** Trial counsel's failure to advise Petitioner of a better plea offer also falls below any objective standard of reasonableness. *State v. Talley*, 1985-NMCA-058, ¶ 6, 103 N.M. 33, 702 P.2d 353 (acknowledging that when this Court assesses ineffective assistance of counsel claims, it looks to whether trial counsel consulted with the accused on important decisions and kept the accused informed of important developments); *see also* Rule 16-104(A) NMRA (requiring counsel to promptly inform a client of any decision which requires the client's informed consent); *id.* comm. cmt. 2 (observing that defense counsel has a duty to inform the client of "a proffered plea bargain in a criminal case"). Trial counsel also falsely told Petitioner that he met with the trial judge on Petitioner's behalf. "Lying to a client implicates the fundamental relationship between the lawyer and the client and an attorney's fitness to practice law." *In re Owen*, 2013-NMSC-035, ¶ 21, 306 P.3d 452. Thus, this was clearly ineffective assistance of counsel.

**{11}** Trial counsel's performance fell below an objective standard of reasonableness, so we turn now to the prejudice inquiry. "Effective assistance of counsel is necessary during plea negotiations because the most important decision for a defendant in a criminal case is generally whether to contest a charge or enter into a plea agreement." *Patterson*, 2001-NMSC-013, ¶ 16. To show prejudice in plea negotiations, Petitioner must demonstrate there is a reasonable probability that but for counsel's deficient representation, he would have gone to trial instead of pleading no contest. *Id.* ¶ 18. Pertinent evidence of a defendant's preconviction disposition "to plead or go to trial" includes the defendant's preconviction statements of innocence and the strength of the evidence against the defendant. *Id.* ¶¶ 29-30.

**{12}** The record in this case supports the district court's finding of prejudice. Petitioner consistently proclaimed his innocence, up to and including when he pleaded no contest. Trial counsel testified that Petitioner asserted "his innocence from the beginning of the case" and "'throughout.'" The State's case was not strong. There was no physical evidence, and the State's case was based on inconsistent statements of Petitioner's three-year old child which were made in the wake of a family law dispute between

Petitioner and the child's mother. Given Petitioner's consistent claims of innocence and the weakness of the State's case, we conclude that there is a reasonable probability that Petitioner would have gone to trial instead of pleading no contest had trial counsel's performance not been constitutionally deficient.

**{13}** For the reasons stated above, we hold that Petitioner received ineffective assistance of counsel.

**{14}** NOW, THEREFORE, WE AFFIRM the district court's Order Granting Petition for Writ of Habeas Corpus because Petitioner was denied his Sixth Amendment right to effective counsel, and WE AFFIRM the setting aside of Petitioner's no contest plea and the vacating of his conviction and sentence.

**{15} IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice,**