This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42361**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JACINTA GOMEZ,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Linda Rogers, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from her conviction for aggravated driving under the influence of intoxicating liquor or drugs, contrary to NMSA 1978, Section 66-8-102(D) (2016). We issued a proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed disposition was incorrect, and we affirm.

**{2}** In our notice of proposed disposition, this Court identified various facts alleged in the docketing statement, and relying on those facts, we proposed to conclude that there

was probable cause for Defendant's arrest. *See State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (explaining that the docketing statement is intended to serve as a fair substitute for the complete record on appeal); *State v. Ibarra*, 1993-NMCA-040, ¶ 10, 116 N.M. 486, 864 P.2d 302 (stating that "[t]he facts contained in the docketing statement are accepted as the facts of the case unless . . . challenged"). In response, Defendant's memorandum in opposition continues to assert the same arguments articulated in her docketing statement. Defendant maintains that it was not objectively reasonable under the totality of circumstances for the arresting officer to believe Defendant had been driving while impaired [MIO 14], and the State failed to present sufficient evidence to support Defendant's conviction [MIO 16]. As support for these assertions, Defendant reiterates that her physical and medical conditions undermine the trustworthiness of the results of the standardized field sobriety tests and that she "actually performed rather well on the alternative tests." [MIO 14]

**{3}** In making these assertions, Defendant has not pointed to any errors—in fact or law—in this Court's notice of proposed disposition. *See Ibarra*, 1993-NMCA-040, ¶ 11 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Defendant fails to acknowledge the analysis and authorities set forth in the proposed disposition and instead simply continues to assert the fact-finder should have taken a different view of this matter and weighed the evidence differently. We do not reweigh the evidence on appeal, and as such, Defendant's arguments are unpersuasive. *See, e.g.*, *State v. Akers*, 2010-NMCA-103, ¶ 32, 149 N.M. 53, 243 P.3d 757 ("We do not weigh the evidence or substitute our judgment for that of the fact[-]finder.").

**{4}** As discussed in our proposed disposition, police received a dispatch report that a dark-colored SUV was seen driving erratically near the Tijeras library, and officers discovered Defendant in the driver's seat of a dark-colored SUV, parked outside the closed library at 8:00 p.m. [CN 2] The SUV was parked across multiple parking spaces, facing the wrong direction at a one-way entrance, and the engine was running when police arrived. [Id.] Defendant did not immediately respond when an officer knocked on her window and, upon contact with officers, was observed to have bloodshot, watery eyes, slurred speech, and an odor of alcoholic beverages. [Id.] Defendant admitted to having consumed two beers an hour earlier, and the arresting officer administered an HGN test and two alternate field sobriety tests on Defendant. [CN 2-3] Defendant failed to follow the instructions for the HGN test, and she did not perform either of the alternate tests as instructed. [CN 3] Based on this evidence, we conclude that it was objectively reasonable for the arresting officer to believe Defendant had been driving while impaired to the slightest degree. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶¶ 9, 12, 143 N.M. 455, 176 P.3d 1187 (concluding that the facts and circumstances within the officer's knowledge were sufficient to warrant the belief that "an offense has been or is being committed" where the defendant smelled of alcohol, was slow to respond to requests, lacked balance, and performed poorly on field sobriety tests); *Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶ 31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's

bloodshot, water eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests).

**{5}** Defendant also asserts that there was insufficient evidence to support her conviction. [MIO 17] In doing so, Defendant relies on the same reasons given in support of her probable cause argument. [MIO 17] In particular, Defendant again asserts that the evidence failed to prove beyond a reasonable doubt that she drove while impaired to the slightest degree. [Id.] Notably, Defendant does not dispute that she refused to submit to chemical testing. [Id.] "[A]ppellate courts review sufficiency of the evidence . . . from a highly deferential standpoint." *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (internal quotation marks and citation omitted). We view the evidence in the light most favorable to the State, and refrain from reweighing the evidence. *Id.*

**{6}** Based on the evidence described above, we conclude that there was sufficient evidence to allow the fact-finder to conclude Defendant was impaired to the slightest degree when she operated her vehicle. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DWI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, admitted to drinking earlier in the evening, and refused to submit to chemical testing after being read the Implied Consent Act); *State v. Soto*, 2007-NMCA-077, ¶¶ 32-34, 142 N.M. 32, 162 P.3d 187 (holding that evidence was sufficient to support DWI conviction where the officer failed to conduct field sobriety tests, but observed the defendant's bloodshot watery eyes, slurred speech, a strong odor of alcohol on the defendant's breath, and the defendant's admission to drinking), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110; *State v. Alvarez*, 2018-NMCA-006, ¶¶ 13-14, 409 P.3d 950 (concluding that substantial circumstantial evidence supported the reasonable inference that the defendant drove while intoxicated in part because the defendant was the sole occupant of the vehicle whose engine was running, was observed exiting the vehicle from the driver's seat, and admitted to "coming from Albuquerque"); *see also State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (pointing out that a fact-finder can rely on human experience in deciding whether a defendant was under the influence and could drive an automobile in a prudent manner).

**{7}** Because Defendant continues to assert the same arguments articulated in her docketing statement without presenting any facts or authority to persuade this Court that our proposed disposition was incorrect, we conclude Defendant has failed to demonstrate reversible error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**KATHERINE A. WRAY, Judge**