1999-NMCA-098

986 P.2d 460

**STATE of New Mexico ex rel. CHILDREN, YOUTH and FAMILIES DEPARTMENT, in re Joseph and Nathaniel M., Petitioner–Appellee,**

v.

**ALICIA P., Respondent–Appellant.**

No. 19334.

Court of Appeals of New Mexico.

Dec. 23, 1998.

Certiorari Denied June 8, 1999.

Angela L. Adams, Chief Children's Court Attorney, Roy E. Stephenson, Children's Court Attorney, Santa Fe, for Appellee.

Jane Bloom Yohalem, Santa Fe, for Appellant.

Judy Bailey, Advocacy, Inc., Cedar Crest, for Amicus Curiae.

James H. Reynolds, Silver City, Guardian ad Litem.

*OPINION*

BUSTAMANTE, J.

{1} Mother seeks to appeal the termination of her parental rights. Prior to filing a docketing statement, Mother's court-appointed trial counsel filed a motion with this Court indicating that, in her professional opinion, there is no legal basis upon which to appeal the decision terminating Mother's parental rights. Because Mother nevertheless wished to appeal the decision, counsel sought clarification from this Court regarding her role as court-appointed counsel when her client wants to appeal but counsel believes the appeal to be frivolous. Counsel is concerned that she is faced with conflicting obligations: one to her client, the other to the court and the legal profession not to pursue frivolous claims.

{2} This Court issued an order directing Mother and the New Mexico Children, Youth and Families Department (CYFD) to file briefs addressing two issues: (1) the extent to which Mother is entitled to appeal the termination of her parental rights; and (2) whether Mother's rights on appeal are analogous to a criminal defendant's appeal rights as set forth in *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967). This Court also invited Advocacy, Inc., to file an amicus brief. In addition, this Court ordered Mother's trial counsel to file a docketing statement and allowed her to withdraw from the appeal,

appointing Mother new counsel for this appeal. For the reasons that follow, we hold that Mother is entitled to appeal the termination of her parental rights, and that counsel has an obligation to present Mother's issues on appeal in accordance with the guidelines set forth in *Franklin* and its progeny.

*DISCUSSION*

{3} As Mother points out, the New Mexico Constitution guarantees every "aggrieved party ... an absolute right to one appeal." N.M. Const. art. VI, § 2. Our legislature also specifically recognizes the right to appeal judgments under the Children's Code. *See* NMSA 1978, § 32A–1–17 (1995). While the foregoing constitutional and statutory provisions make it clear that Mother has the right to appeal the termination of her parental rights, as Mother acknowledges, these provisions do not definitively indicate whether indigent parents, such as Mother, are entitled to court-appointed counsel on appeal.

{4} Mother relies on NMSA 1978, Section 32A–4–29(F) (1997), to argue that she has a statutory right to court-appointed counsel on appeal. Section 32A–4–29(F) provides that "[a]fter a motion for the termination of parental rights is filed, ... [c]ounsel shall be appointed, upon request, for any parent who is unable to obtain counsel due to financial reasons or, if in the court's discretion, the interests of justice require appointment of counsel." Because the statute does not limit the appointment of counsel to trial court proceedings, and because the duration of the appointment is left open, Mother argues that her statutory right to court-appointed counsel extends to her right to appeal.

{5} In determining whether Mother has a statutory right to court-appointed counsel on appeal, we must "determine and effectuate the intent of the legislature." *State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994); *see also In re Samantha D .*, 106 N.M. 184, 186, 740 P.2d 1168, 1170 (Ct.App. 1987) ("Each section of the [Children's] Code must be interpreted with all other sections in order to ensure its legislative intent."). In

addition to the statutory right to court-appointed counsel upon the filing of a motion for the termination of parental rights, Mother points out that several other procedural protections are specified by statute. *See* NMSA 1978, § 32A–4–10(B) (1993) (counsel shall be appointed for parent at inception of proceedings on petition alleging neglect or abuse); NMSA 1978, § 32A–4–29(J) (1997) (grounds for termination of parental rights must be proven by clear and convincing evidence); NMSA 1978, § 32A–4–20(H) (1997) (clear and convincing evidence must be competent, material, and relevant in nature); NMSA 1978, § 32A–1–3 (A), (B) (1993) (purposes of Children's Code include providing for the care, protection and wholesome mental and physical development of children, preserving the unity of the family whenever possible, and assuring that the parties are provided a fair hearing in which their constitutional and other rights are recognized and enforced).

{6} We agree with Mother that while the best interests of children are paramount, the statutory scheme created by the legislature also recognizes the strong interest of the parents in proceedings to terminate their parental rights. In light of the plain intent of the legislature to provide procedural protections for parents in jeopardy of losing their parental rights, we see no reason why the legislature would have intended for those procedural protections to evaporate on appeal simply because it is an indigent parent who seeks to pursue her right to appeal. Indeed, both CYFD and amicus agree that Mother should be provided with court-appointed counsel to pursue her appeal. Accordingly, we hold that Mother has a statutory right to court-appointed counsel on appeal. In light of our holding, we need not address Mother's argument that she has a constitutional right to counsel on appeal. *See In re T.J.*, 1997–NMCA–021, ¶ 3, 123 N.M. 99, 934 P.2d 293 (court will not reach constitutional question if case can be decided on other grounds).

{7} Given that Mother is entitled to court-appointed representation on appeal, we must determine the extent of counsel's obligations when counsel believes that the appeal is frivolous. Our Supreme Court, and this Court, have previously addressed this question in the context of criminal appeals. *See, e.g., Franklin*, 78 N.M. at 129, 428 P.2d at 984; *State v. Gibby*, 78 N.M. 414, 418, 432 P.2d 258, 262 (1967); *State v. Talley*, 103 N.M. 33, 39, 702 P.2d 353, 359 (Ct.App.1985); *State v. Boyer*, 103 N.M. 655, 658–59, 712 P.2d 1, 4–5 (Ct.App.1985). Although the procedural protections afforded to criminal defendants are not always applicable to proceedings to terminate parental rights, *see, e.g., In re T.J.*, 1997–NMCA–021, ¶ 1, 123 N.M. 99, 934 P.2d 293 (no right to jury trial), our Courts have applied some of the procedural safeguards normally applied in criminal proceedings to proceedings for the termination of parental rights. *See, e.g., In re Termination of the Parental Rights of James W.H.*, 115 N.M. 256, 257, 849 P.2d 1079, 1080 (Ct.App.1993) (parent has right to effective assistance of counsel). Both parties to this appeal, and amicus, agree that the guidelines set forth in *Franklin* should apply in this case. We also agree.

{8} Under *Franklin* and its progeny, counsel for criminal defendants are required "to advance all points for reversal requested to be advanced by [the] defendant, even if counsel [has] no confidence in them or if he could not in good faith support them." *Boyer*, 103 N.M. at 658, 712 P.2d at 4. When preparing a docketing statement for appeal, "[c]ounsel should state the contentions advanced by a defendant, should include a statement of all facts material to those contentions, should inform the court whether and how the contentions were raised in the trial court, and should inform the court whether the contentions or facts would appear in the record." *Id.; see also Talley*, 103 N.M. at 39, 702 P.2d at 359.

{9} In *Boyer*, we recognized that the Code of Professional Responsibility "allows attorneys to abandon frivolous issues, or even non-frivolous issues, once the attorney has found one non-frivolous issue to argue with vigor." *Boyer*, 103 N.M. at 659, 712 P.2d at 5. However, we also noted that it is for the client to decide whether to appeal and to determine the scope of the appeal. *See id.* Thus, we encouraged counsel to "first seek to convince the client of the wisdom of the

attorney's professional judgment. But, failing such persuasion, the client's contention should be presented." *Id.* We see no reason why the same procedure should not be followed in appeals from the termination of parental rights.

{10} As CYFD emphasizes, appeals from the termination of parental rights should be decided at the earliest practicable time. *See* § 32A–1–17(B) ("appeal shall be heard at the earliest practicable time"). We believe this goal can be most easily achieved if appointed counsel assists Mother in presenting her contentions on appeal, even if counsel believes those contentions have no merit. Ultimately, we believe this procedure will provide Mother with the appeal she desires and serve the best interests of the child by allowing this Court to bring closure to these proceedings expeditiously.

{11} We recognize that in this case Mother's court-appointed trial counsel has already filed a docketing statement as ordered by this Court. The docketing statement indicates that Mother desires to challenge the sufficiency of the evidence to support some of the trial court's findings. The docketing statement also indicates that Mother wants to challenge the trial court's refusal to adopt other findings requested by Mother. In this regard, the statement of facts in the docketing statement is minimal and does not provide the level of information contemplated by the procedures outlined above. Nevertheless, under the circumstances of this case, we will not require Mother's trial counsel to supplement the factual statement in the docketing statement. Instead, since Mother has been appointed counsel on appeal, this Court will proceed to calendar Mother's appeal based on the docketing statement and record available at this time. Mother's appointed appellate counsel may then respond in accordance with Rule 12–210 NMRA 1998 as she sees fit.

{12} IT IS SO ORDERED.

APODACA and FLORES, JJ., concur.