This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38463**

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**AMY B.,**

Respondent-Appellant,

and

**SAMUEL K. and KIMBERLY M.,**

Respondents,

**IN THE MATTER OF LOGAN K., LIBERTY K., MAKENZIE K., and ALEXIS K.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF TORRENCE COUNTY**
**Matthew G. Reynolds, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Nancy L. Simmons
Albuquerque, NM

for Appellant

The Law Office of Shasta N. Inman, LLC
Shasta N. Inman
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Respondent Amy B. (Mother) appeals from the district court's judgment terminating her parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother continues to argue, pursuant to *State ex rel. Children, Youth & Families Department v. Alicia P.*, 1999-NMCA-098, 127 N.M. 664, 986 P.2d 460, that the Children, Youth and Families Department (the Department), failed to make reasonable efforts to assist her in alleviating the causes and conditions that brought Children into the Department's custody. [MIO 5] Specifically, Mother first argues that she was given less than the "standard" amount of time prior to the filing of a termination of parental rights (TPR) motion, citing *State ex rel. Children, Youth & Families Department v. Patricia H.*, 2002-NMCA-061, ¶ 26, 132 N.M. 299, 47 P.3d 859. [MIO 5] In *Patricia H.*, however, this Court acknowledged that there was no bright line rule for the amount of time required prior to the filing of a TPR motion. *Id.* ("[W]e must keep in mind that the use of such a [fifteen-month] guideline needs to remain flexible and must be harmonized with the requirements of state law."); *see also* NMSA 1978, § 32A-4-29(A) (2009) (stating that "[a] motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding"); § 32A-4-29(G) (mandating a motion to terminate parental rights when a child has been in foster care fifteen of the previous twenty-two months unless extenuating circumstances are present). Mother fails to explain why the time given to her was inadequate, stating merely that she was given less than the "standard" amount of time. [MIO 5] While later in the memorandum in opposition, Mother's counsel posits that she may suffer from "some level of disability, addiction, poverty, or the trifecta[,]" [MIO 6] Mother does not argue that evidence of any of these conditions was presented to the district court in support of an argument that she was not given enough time under the circumstances. *See Richter v. Presbyterian Healthcare Servs.*, 2014-NMCA-056, ¶ 59, 326 P.3d 50 ("[A]rguments of counsel are not evidence." (internal quotation marks and citation omitted)). Given that the amount of time necessary prior to the filing of a TPR motion must be considered on a case-by-case basis under *Patricia H.*, Mother has failed to meet her burden to establish that the amount of time between her adjudication and the filing of a TPR motion amounts to reversible error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness on appeal, and

the burden is on the appellant to clearly and affirmatively demonstrate district court error).

**{3}**     Mother additionally argues that the Department did not make reasonable efforts to assist her because their efforts were not tailored to Mother's specific circumstances. [MIO 5-6] Mother argues that the Department failed to address the reality of her circumstances, "specifically her absence from the [s]tate and her inability on her own to access services in Texas, suggesting some level of disability, addiction, poverty, or the trifecta." [MIO 6] We again note Mother does not argue that evidence of any disability, addiction, or poverty relating to an inability to engage in her treatment plan was presented to the district court in support of an argument that the Department did not make adequate efforts to assist her, considering these conditions. *See Richter*, 2014-NMCA-056, ¶ 59. Relating to Mother's residence in Texas, the record indicates that the Department attempted to take Mother's out-of-state residence into account by (1) submitting an Interstate Compact on the Placement of Children (ICPC) application with the state of Texas in order to enable Texas protective services to assist Mother with her treatment plan, but this application was denied [4 RP 898]; (2) providing Mother with a list of local resources to contact, with which Mother did not engage [DS 6]; and (3) facilitating phone calls between Mother and Children [4 RP 899]. These efforts suggest that Mother was not given a treatment plan based on "stereotyped values" [MIO 6], as she asserts, but one that specifically took her circumstances into account.

**{4}**     Moreover, the cases cited by Mother do not persuade us that our notice of proposed disposition was incorrect. Mother cites *State, ex rel Human Servs. Dep't v. Penny J.*, 1994-NMCA-143, ¶ 20, 119 N.M. 328, 890 P.2d 389, for the proposition that "[a] parent may . . . impeach the reasonableness of efforts to enable him or her to correct the underlying causes and conditions on the basis that those efforts were directed at the wrong causes and conditions or were insufficient because of unique factors." However, that statement refers to a parent's ability to present facts of any "unique factors" at the TPR hearing and the case goes on to clarify that "[o]nce the fact-finder has evaluated the evidence presented by the [s]tate, however, an appellate court's primary task is to determine if the decision reached at trial is justifiable on the facts and the law." *Id.* (internal quotation marks and citation omitted). Here, the district court clearly took Mother's out-of-state residence into account when evaluating the reasonableness of the Department's efforts and we will not reweigh this evidence on appeal. *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 ("We employ a narrow standard of review and do not re[]weigh the evidence.").

**{5}**     Similarly, Mother's reliance on *State ex rel. Children, Youth & Families Dep't v. Alfonso M.-E.*, 2016-NMCA-021, ¶ 57, 366 P.3d 282, is inapt. In that case, the evidence established that the father was making significant efforts to comply with his treatment plan even after being deported from the country. *Id.* Under that circumstance, this Court held that the Department's failure to continue reunification services after the father's deportation did not constitute reasonable efforts. *Id.* ¶ 55. In this case, however, the Department made efforts to link Mother with services in Texas, including the submission

of an ICPC application, providing Mother with a list of referrals for services, attempting to facilitate phone calls, including therapeutic phone calls with Children, and attempting to include Mother in discussions involving her daughter's mental health. [4 RP 890, 898-99] Considering Mother's failure to engage in any portion of her treatment plan, we conclude that the district court's determination that the Department made reasonable efforts to assist Mother is supported by substantial evidence. *See Patricia H.*, 2002-NMCA-061, ¶ 23 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent[.]").

**{6}** For the foregoing reasons and the reasons outlined in our notice of proposed disposition, we affirm the district court's termination of Mother's parental rights.

**{7}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**