This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38432

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**MACK R.,**

Respondent-Appellant,

and

**SAMANTHA B.,**

Respondent,

**IN THE MATTER OF MACK R. JR.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Children, Youth & Families Department
Rebecca Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Office of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque. NM

for Appellant

Erinna Marie Atkins
Alamogordo, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**    Respondent Mack R. (Father) appeals from the district court's judgment terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**    In Father's memorandum in opposition, he now argues, pursuant to *State ex rel. Children, Youth & Families Department v. Alicia P.*, 1999-NMCA-098, 127 N.M. 664, 986 P.2d 460, that (1) for summary calendar purposes, this Court must accept Father's version of the facts to the extent that they conflict with the district court's findings of fact [MIO 9], and (2) the district court impermissibly placed the burden of proof on Father to demonstrate that he completed his treatment plan and alleviated the causes and conditions that brought Child into custody [MIO 10].

**{3}**    In support of his first argument, Father contends he presented evidence at the termination of parental rights (TPR) hearing that "he was employed and 1iving with his family, and that his evaluation stated that once he completed anger management therapy and parenting classes, he could be ready for reunification." [MIO 9-10] Father's argument, however, misinterprets this Court's standard of review. We acknowledge that he may have presented such evidence at the TPR hearing for the district court to consider. However, the district court's order indicates that it was provided with other evidence indicating that Father's rights should be terminated, including sporadic visiting; failure to complete anger management and parenting classes; failure to properly inform the Children, Youth and Families Department (the Department) of his living arrangements; failure to confirm any details about his employment; and concerns regarding Father's Texas residence, where the Department is legally unable to place child. [3 RP 467, 473-80] Father has not contested any of the district court's factual findings as being unsupported by evidence presented at the TPR hearing but has instead outlined evidence presented to the district court that would support a different result. In such a circumstance, we defer to the district court's weighing of the conflicting evidence. *See State ex rel. Children, Youth & Families Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 13, 126 N.M. 664, 974 P.2d 158 ("This Court will uphold the termination if, viewing the evidence in the light most favorable to the judgment, a fact[-]finder could properly determine that the clear and convincing [evidence] standard was met."); *see also State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029,

¶ 19, 141 N.M. 299, 154 P.3d 674 ("We employ a narrow standard of review and do not re[]weigh the evidence.").

**{4}**     To the extent Father relies on our Supreme Court's non-precedential dispositional order *In re Tye B.*, No. 31,226 dec. (N.M. Sup. Ct. May 15, 2009) (non-precedential), such reliance is unavailing. *In re Tye B.* dealt with a situation where the proposed summary disposition relied on facts in the record proper despite the mother's argument that the facts relied on were not presented at the TPR hearing. *Id.* ¶ 7. Father has made no such argument here, and accordingly we conclude the district court did not err.

**{5}**     Father additionally argues that, at the TPR hearing, the burden was impermissibly placed on him to prove that he had ameliorated the causes and conditions that brought Child into custody. [MIO 10] Father contends that the district court shifted the burden because it relied on his failure to provide evidence of his having secured employment to the Department. [MIO 11] However, Father appears to confuse compliance with his treatment plan, which was ordered by the district court in its adjudication order, with the burden placed on him at the TPR hearing. Father's treatment plans universally required him to (1) maintain safe stable housing and employment; (2) maintain contact with the Department twice a month by phone or in person; (3) and follow all recommendations of the Department. [*see e.g.*, 1 RP 49-50, 88-89, 127-128] Evidence showing that Father failed to complete these items of his treatment plan does not establish that the district court impermissibly shifted the burden of proof onto Father but instead was properly presented by the Department to help establish that the causes and conditions were unlikely to be alleviated in the foreseeable future. Further, the district court's termination order repeatedly acknowledged that the burden was on the Department, stating:

> New Mexico law requires that [the Department] demonstrate, by clear and convincing evidence, that a child has been neglected or abused as defined by [NMSA 1978,] Section 32A-4-2 [(2017, amended 2018)]. [The Department] must also establish that the causes of the neglect or abuse are unlikely to change in the foreseeable future, *despite reasonable efforts* by [the Department] to assist the parent in adjusting the conditions that render the parent unable to properly care for the child. [NMSA 1978.] Section 32A-4-28(B)(2)[(2005)] (emphasis added).

[3 RP 479] Having failed to point to anything in the record demonstrating otherwise, Father has not met his burden of demonstrating error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness on appeal, and the appellant must clearly and affirmatively demonstrate district court error).

**{6}**     Accordingly, for the foregoing reasons and the reasons outlined in our notice of proposed disposition, we affirm the district court's order terminating Father's parental rights.

**{7}** IT IS SO ORDERED.

LINDA M. VANZI, Judge

WE CONCUR:

JENNIFER L. ATTREP, Judge

JACQUELINE R. MEDINA, Judge