This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39382

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,

 Petitioner-Appellee,

v.

WILLIAM S.,

 Respondent-Appellant,

and

MIRELLA V.-C.,

 Respondent,

IN THE MATTER OF WILLIAM V.-S.
and MAXIMILIANO V.,

 Children.

APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY
T. Glenn Ellington, District Judge

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Ernest O. Pacheco
Santa Fe, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Father appeals from the termination of his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Father now argues, pursuant to *State ex rel. Children, Youth & Families Department v. Alicia P.*, 1999-NMCA-098, ¶ 11, 127 N.M. 664, 986 P.2d 460, that his treatment plan was not designed to ameliorate the causes and conditions that brought the children into custody because he was dismissed from a service provider and required to seek domestic violence counseling, but domestic violence was not cited as an issue in the adjudicatory judgment. [MIO 7] This contention is without merit. It is well settled that compliance with a treatment plan may not be enough to demonstrate that the causes and conditions that brought a child into custody will be ameliorated. *See State ex rel. Child., Youth & Fams. Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 ("The Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification. Even with compliance, it may not achieve its goal."); *see also id.* ("Even with a parent's reasonable efforts, . . . the parent may not be able to make the changes necessary to rectify the causes and conditions of the neglect and abuse so as to enable the court to conclude that the parent is able to properly care for the child."). As discussed in our notice of proposed disposition—and specifically not contested in Father's memorandum in opposition—the children were brought into custody in part due to Father's "inability to resolve interpersonal conflicts[,]" and he was required in his treatment plan to seek treatment for his mental health and parenting issues and follow all accompanying recommendations. [CN 4] Accordingly, Father has failed to demonstrate any error in the district court's consideration of his dismissal from services and failure to obtain domestic violence counseling following his aggressive outburst during a session. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that the appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred).

**{3}** Father further contends that his diagnosis of narcissistic personality disorder would "almost by definition . . . impede Father's willingness to engage in therapy that was focused on blaming Father for historical events, rather than focusing on reasonable responses to current events." [MIO 7] While it is true that "[a] parent may . . . impeach the reasonableness of efforts to enable him or her to correct the underlying causes and conditions on the basis that those efforts were directed at the wrong causes and conditions or were insufficient because of unique factors[,]" *State ex rel. Human Servs. Dep't v. Penny J.*, 1994-NMCA-143, ¶ 20, 119 N.M. 328, 890 P.2d 389, Father's brief

and speculative assertion that he received insufficient or inappropriate mental health services is not borne out by the record on appeal. Furthermore, Father appears not to have raised this issue, much less properly invoked a ruling, before the district court. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (same). Given as much, we will not address Father's underdeveloped contention further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{4}** To the extent Father argues that he was not given sufficient time to work his case plan, we are unpersuaded. The children were in the Children, Youth & Families Department's (the Department) custody for approximately a year, and the record indicates that Father was prescribed a treatment plan on February 14, 2019. [1 RP 50] While Father may not have been ordered to comply with a substantially similar treatment plan until November 1, 2019 [1 RP 136], Father was aware of the work expected of him for approximately one year. Additionally, given Father's consistent failure to engage and complete the items on his treatment plan, it is unclear what additional time would have provided Father the opportunity to do. *See State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266 ("Because it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely."). As such, we conclude that Father has failed to demonstrate reversible error. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

**{5}** Lastly, Father argues under *State ex rel. Children, Youth & Families Department v. Lance K.*, 2009-NMCA-054, ¶ 30, 146 N.M. 286, 209 P.3d 778, that his rights were terminated because of his poor attitude toward the Department. [MIO 9] We are again unpersuaded. In *Lance K.*, this Court concluded that where a parent had complied with all portions of his treatment plan that related to the causes and conditions that initially brought the children into custody, minor non-compliance due to that parent's mistrust of the Department would not be sufficient to support termination of parental rights. *Id.* In this case, however, evidence was presented that Father continued to struggle with several key aspects of his treatment plan that were directly related to the causes and conditions that brought his children into custody. As such, we are not persuaded that *Lance K.* merits reversal in this instance.

**{6}** For the reasons outlined herein and in our notice of proposed disposition, we affirm the district court's termination of Father's parental rights.

**{7}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**