This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39823

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**TASSIE T.,**

Respondent-Appellant,

and

**FELIX R.,**

Respondent,

**IN THE MATTER OF FELIX R. II,**

Child.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Respondent Tassie T. (Mother) appeals the termination of her parental rights to Child. We entered a notice of proposed disposition, proposing to affirm. Mother filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother continues to contend, pursuant to *State ex. rel. Children, Youth & Families Department v. Alicia P.*, 1999-NMCA-098, 127 N.M. 664, 986 P.2d 460, the district court erred in finding the Children, Youth, and Families Department (CYFD) made reasonable efforts to assist her in adjusting the causes and conditions that brought Child into custody. [MIO 2-3] However, Mother's memorandum in opposition does not claim that this Court erred in our analysis of the evidence to support the district court's finding in our notice of proposed disposition, nor has she asserted additional facts or law to otherwise persuade this Court that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Instead, counsel for Mother points out that this case is not appropriate for resolution on the summary calendar because the facts contained within the docketing statement are lacking, and she has been unable to obtain additional details regarding the material facts presented at trial. [MIO 4-5] We disagree.

**{3}** "It has never been held that a complete verbatim transcript of proceedings is necessary to afford adequate appellate review." *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353. Although this Court explained in its notice of proposed disposition that the facts as outlined in Mother's docketing statement were deficient, deficiencies in an appellant's factual recitation do not necessarily preclude resolution on the summary calendar. [MIO 5] Concluding that we had sufficient information for a clear disposition of the issues, based on the facts contained in both the docketing statement and the record, we proposed to affirm.

**{4}** Mother has not argued in her memorandum that the facts are not as stated in our notice of proposed disposition. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward

and specifically point out errors in fact and/or law."); *see also Udall v. Townsend*, 1998-NMCA-162, ¶ 4, 126 N.M. 251, 968 P.2d 341 (explaining that where appellee asserts the facts are not as stated and, as a result, there is some question regarding the material facts the case may be assigned to the general calendar). Rather, she contends that the sentence in the docketing statement that "[t]estimony regarding efforts to reach out to and work with [Mother] by [CYFD] was less than optimal" [DS 5] does, "in fact, support that CYFD's efforts fell short of reasonable efforts." [MIO 6] However, the docketing statement also indicated that the district court heard testimony that Mother's efforts to work her case plan were limited to the very beginning of the case, that CYFD made efforts to work with her on her case plan, and that Mother's contact with CYFD and her attorney were sporadic. [DS 5] Thus, for the reasons already discussed in our notice of proposed disposition and herein, we disagree with Mother that her docketing statement established an issue regarding the reasonableness of CYFD's efforts sufficient to place the matter on the general calendar. [MIO 6]

**{5}** Lastly, we note that Mother points out the difficulties resulting from this Court's calendaring process placing appellate counsel, rather than trial counsel, in the position of providing additional necessary facts, and invites us to respond to a deficient docketing statement with an order to show cause to trial counsel. Mother asserts an order to show cause would ensure the absence of appellate issues or facts which were not originally docketed due to ineffective assistance of counsel. [MIO 4-5] However, no prejudice is apparent in the present case and we decline Mother's invitation to speculate as to the existence of a hypothetical issue. *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)).

**{6}** Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**