This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40014

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

Petitioner-Appellee,

v.

**Keri H.,**

Respondent-Appellant,

**IN THE MATTER OF SYLVESTER C.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Children, Youth and Families Department
Mary A. McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Jay Lynn Francis
Carlsbad, NM

Guardian Ad Litem

**BOGARDUS, Judge.**

**{1}** Respondent (Mother) appeals from the district court's order terminating her parental rights to Child. We proposed to summarily affirm in this Court's notice of proposed disposition. Mother filed a memorandum in opposition, which we have duly considered. For the reasons articulated below, we affirm the district court's order terminating Mother's parental rights to Child.

**{2}** Mother continues to argue in her memorandum in opposition that the Children, Youth & Families Department (CYFD), failed to present clear and convincing evidence that Mother's parental rights should be terminated. [MIO 3] Mother first argues that CYFD failed to show reasonable efforts were made because she was only given ten months to work her case plan. [MIO 5-7] Mother specifically asserts that "although there is no set amount of time required for reasonable efforts, efforts lasting only ten months are both curious and problematic, especially during a pandemic which has reduced [CYFD's] ability and resources to provide reasonable efforts." [MIO 7] However, there is no bright-line rule for the amount of time required prior to the filing of a termination of parental rights (TPR) motion. *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 26, 132 N.M. 299, 47 P.3d 859 ("[W]e must keep in mind that the use of such a [fifteen-month] guideline needs to remain flexible and must be harmonized with the requirements of state law."); *see also* NMSA 1978, § 32A-4-29(A) (2009) (stating that "[a] motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding"); § 32A-4-29(G) (mandating that a motion to terminate parental rights when a child has been in foster care fifteen of the previous twenty-two months unless extenuating circumstances are present). Mother fails to explain why the time given to her was inadequate, stating that if she had been given six more months to complete her case plan, she would have been able to adjust the causes and conditions of neglect or abuse because at trial she was "doing really well and counseling with an online therapist." [MIO 5-6, 7-8] Given that the amount of time necessary prior to the filing of a TPR motion must be considered on a case-by-case basis under *Patricia H.*, Mother has failed to meet her burden to establish that the amount of time between her adjudication and the filing of a TPR motion amounts to reversible error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness on appeal, and the burden is on the appellant to clearly and affirmatively demonstrate district court error).

**{3}** Mother also argues that CYFD failed to show that she would not alleviate the causes and conditions of neglect in the foreseeable future given that she testified at the TPR hearing that she was no longer angry and was ready to change. [MIO 7-9] Mother argues, without citing to the record proper, that evidence was adduced at trial that "at the beginning of this case she was angry and sank into a depression without her son. Now she is doing really well and counseling with an online therapist[,]" and that "she believes there is still a strong bond between herself and her child." [MIO 7-8] However, Mother does not indicate in her docketing statement whether any such evidence was

presented at trial, therefore, we do not know whether it was before the district court when it made its determination. [DS PDF 5, 6] *See* Rule 12-208(D)(3) NMRA (requiring docketing statements to contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *State ex rel. Child., Youth & Fams. Dep't v. Alicia P.*, 1999-NMCA-098, ¶ 8, 127 N.M. 664, 986 P.2d 460 (requiring counsel in termination of parental rights cases to include in the docketing statement "whether and how [a defendant's] contentions were raised in [the district] court," and "whether the contentions or facts would appear in the record"). Nonetheless, even if such evidence was presented at trial, her recent successes may simply have been "too little, too late," and does not present a basis for reversal. *See State ex rel. Child., Youth & Fams. Dep't v. Browind C.*, 2007-NMCA-023, ¶ 45, 141 N.M. 166, 152 P.3d 153 (recognizing that despite a mother's recent sobriety success, the district court was faced with "too little, too late" (internal quotation marks and citation omitted)); *State ex rel. Child., Youth & Fams. Dep't v. Amy B.*, 2003-NMCA-017, ¶ 18, 133 N.M. 136, 61 P.3d 845 (stating that a district court "could have easily found [a mother's] alleged recognition of her problems to be "too little, too late" (internal quotation marks and citation omitted)); *see also State ex rel. Child., Youth & Fams. Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 24, 133 N.M. 827, 70 P.3d 1266 ("Because it is important for children to have permanency and stability in their lives, termination proceedings should not continue indefinitely.").

{4}     Beyond these arguments, Mother raises no new facts, authority, or arguments in her memorandum in opposition to persuade this Court that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm the district court's termination of Mother's parental rights.

{5}     IT IS SO ORDERED.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**