This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40018

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**JASON M.,**

Respondent-Appellant,

and

**SHANNON U.,**

Respondent,

**IN THE MATTER OF JAY DECLAN M.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen A. McGarry, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens IV
Albuquerque, NM

for Appellant

Ernest O. Pacheco
Santa Fe, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}**     Jason M. (Father) appeals the termination of his parental rights. [MIO 3] In our notice of proposed disposition, we proposed to affirm. [CN 1, 6] Father filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Father maintains, pursuant to S*tate ex rel. Child., Youth & Fams. Dep't v. Alicia P.*, 1999-NMCA-098, ¶¶ 7-8, 127 N.M. 664, P.2d 460, that the Children, Youth and Families Department (the Department) did not make reasonable efforts to assist him in alleviating the causes and conditions that brought Child into custody. [MIO 3] Father has not asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}**     Thus, for the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Father's parental rights.

**{4}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**